MERCEDES MARÍN-BRIGNONI, Plaintiff and Appellant, *v.* WILBERT P. PARKHURST, Defendant and Appellee.

No. 3784. Argued June 17, 1926.—Decided July 15, 1926.

*O. M. Wood, Luis E. Dubón* and *Félix Ochoteco, Jr.,* for the appellant. *Salvador Mestre* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This is an appeal which calls for a reasonably prompt decision as it involves the custody of a child. The proceedings are somewhat complicated, however, and we regret that we did not have the assistance of counsel for appellee either at the hearing or by a brief.

The appellant, Mercedes Marín Brignoni, obtained a judgment of divorce against her husband, Wilbert P. Parkhurst, on June 4, 1924. Therein, although complainant was the victorious party, the court decreed that two children should remain under the *patria potestas* of the husband.

Subsequently the complainant took one of the children to her house under the theory that it was being neglected. She presented proof to that effect. Then there appears a petition, filed in the name of the defendant and signed by his attorney, requesting that the said child be restored to the custody of his brother, Norman E. Parkhurst, to whom the said custody had been confided by the said defendant. The petition, in name at least, was not filed by Norman E. Parkhurst, as contended by appellant, but in the name of the defendant himself.

After various preliminary motions attacking the petition and the jurisdiction of the court the appellant answered on October 10, 1924. Later in the record is a petition of the complainant bearing date October 4, 1924, wherein she asked for a reconsideration of the judgment. The court overruled all the motions of the complainant. The court said that its decision to continue the children under the *patria potestas* of the father was due to complainant's own statement that she had no means to take care of the said children. By her silence, to a certain extent at least, the complainant had acquiesced in the action of the court in placing the children under the *patria potestas* of the father.

Nevertheless the law is imperative and gives the *patria potestas* to the successful spouse. Section 175 of the Civil

Code; *Polanco* v. *Alvarez*, 33 P.R.R. 903; *Mallen* v. *Vidal*, 25 P.R.R. 624.

■ The majority of this court is of the opinion that the custody of the children follows the *patria potestas*. However, even if we had a discretion we all agree that under the facts of the case the complainant should have the custody of the children. They are very young and the evidence tends to show that the mother is the person best qualified to have their custody. She is living with relatives who are all willing and able to help her take care of them.

■ The *Fiscal* of this court presented a report wherein he was of the opinion that there was something like an estoppel against the complainant by reason of her taking no action against the judgment at the time it was rendered. We have no doubt that an incident of a divorce like alimony or the custody of children may be presented to the court at any date.

The order refusing to reconsider the order must be overruled, the judgment must be amended to place the *patria potestas* in the complainant, the custody of the children must be awarded to her and the case sent back for further proceedings not inconsistent with this opinion.